IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT ALAN ZUNKER, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0845 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Scott Alan Zunker, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent filed a motion to dismiss for failure to exhaust state court remedies. (Docket Entry No. 15.) Petitioner filed a response. (Docket Entry No. 18.)

After consideration of the pleadings, the motion, the response, the state court records, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this petition without prejudice for failure to exhaust.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was found guilty of aggravated sexual assault and sentenced to fifteen years imprisonment under Cause Number 28688-361 in the 361st District Court of Brazos County, Texas. The conviction was affirmed on appeal. *Zunker v. State*, 177 S.W.3d 72 (Tex. App.

– Houston [1st Dist.] 2005, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review. Petitioner did not seek state habeas corpus relief.

Petitioner raises the following grounds for habeas relief in this pending petition:

(1) the trial court violated state law by denying a trial severance;

(2) the trial court denied him a fair trial by denying a trial severance;

(3) the trial court erred in excluding evidence of prison conditions;

(4) the limiting jury instruction was general and ambiguous;

(5) the trial court erred in denying a mistrial at punishment; and

(6) the trial court erred in allowing improper closing argument.

Respondent argues that because petitioner failed to exhaust available state court remedies except as to grounds (3) and (6), this petition is a mixed petition of exhausted and unexhausted claims that should be dismissed without prejudice. In response, petitioner simply states that "all seven grounds were 'fairly presented' on direct appeal." (Docket Entry No. 18, p. 1.)

## II. ANALYSIS

A person in custody pursuant to the judgment of a state court generally must exhaust available state court remedies prior to filing a habeas petition in federal court. Whether a federal habeas petitioner has exhausted his state court remedies is question of law. 28 U.S.C.A. § 2254(b)(1).

A federal petition for habeas corpus relief on behalf of a person in custody pursuant to the judgment of a state court will not be granted unless it appears that:

>  (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>  (B)(i) there is an absence of available State corrective process; or
>
>  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254 (b)(1). This exhaustion requirement demands that a petitioner fairly apprise the highest court of Texas of the federal rights which were allegedly violated and to do so in a procedurally correct manner. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). In order to exhaust properly, a petitioner must "fairly present" all of his claims to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). The federal claim must be the substantial equivalent of that presented to the highest state court in order to satisfy the "fairly presented" requirement. *Id.* at 204-205.

Under 28 U.S.C. § 2254(c) a petitioner is not deemed to have exhausted available state court remedies if he has the right under state law to raise, by any available procedure, the question presented. In Texas, Article 11.07 of the Texas Code of Criminal Procedure establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a non-death penalty felony judgment.

In the instant case, petitioner's state court petition for discretionary review fairly presented to the Texas Court of Criminal Appeals only his federal habeas grounds (3) and (6). *Zunker v. State*, PDR No. 146-05, p. ii. Petitioner did not pursue the remaining grounds through an application for state habeas corpus relief, and that state remedy remains available

to him. *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985) ("We hold that a Texas inmate seeking federal habeas relief who, in directly appealing his state criminal conviction, has by-passed the Texas Court of Criminal Appeals will not be deemed to have exhausted his state remedies until he has raised his claims before the state's highest court though collateral review provided by state habeas proceedings.").

As a result, the instant habeas petition is a "mixed" petition of exhausted and unexhausted claims. When a habeas petitioner has presented the federal court with a petition containing some exhausted and some unexhausted claims, the entire "mixed" habeas petition is subject to dismissal. *Pliler v. Ford*, 542 U.S. 225, 230 (2004); *Rose v. Lundy*, 455 U.S. 509 (1982); *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Because the Texas Court of Criminal Appeals has not had the opportunity to consider petitioner's grounds for habeas relief (1), (2), (4), and (5), this petition must be dismissed to allow petitioner an opportunity to exhaust his state court habeas remedies. The Court finds no grounds in the record for application of *Rhines v. Weber*, 544 U.S. 269 (2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed habeas petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Petitioner's petition will be dismissed without prejudice to the filing a timely federal habeas challenge following petitioner's exhaustion of state court remedies.

### III.  CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1. Respondent's motion to dismiss (Docket Entry No. 15) is **GRANTED**.

2. The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on August 10, 2006.

_____
Gray H. Miller
United States District Judge